## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SUKHDEV SINGH,

     Petitioner,

v.

                                      Case No. 1:26-cv-02232-MIS-KRS

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement; TODD BLANCHE,
Acting U.S. Attorney General; and GEORGE
DEDOS, Warden, Cibola County
Correctional Center,

     Respondents.

## <u>ORDER TO SHOW CAUSE AND ENJOINING TRANSFER</u>

This matter is before the Court on the Petition for Writ of Habeas ("Petition"), filed by

Sukhdev Singh on July 10, 2026. ECF No. 1. The Clerk's Office served Respondents with the

Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing

Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C.

§ 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 2.

Petitioner is an immigration detainee at the Cibola County Detention Center. Pet. ¶ 1, ECF

No. 1. Petitioner is a citizen of India, id. ¶ 6, who entered the United States in 2023 and was

subsequently released under an Order of Release on Recognizance, id. ¶ 7. Petitioner complied

with all release conditions. Id. ¶ 10.

On or about September 24, 2025, Petitioner was taken into custody by ICE at a truck scale

while working as a commercial truck driver. Id. ¶ 2. On November 12, 2025, an Immigration Judge

denied his removal case. Id. ¶ 11. Petitioner's appeal remains pending. Id. Petitioner has not received a bond hearing. See generally Pet., ECF No. 1.

Petitioner alleges a violation of the Immigration and Nationality Act, the Administrative Procedures Act, the Suspension Clause, the Accardi Doctrine, and his Fifth Amendment Rights. Id. ¶¶ 49-76. Petitioner seeks immediate release or, in the alternative, a bond hearing at which the Government bears the burden of proof. Id. at 21-22.

Having reviewed the record, the Petition may raise a colorable claim for relief. Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted in light of Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). Furthermore, Petitioner has now been held in custody for over twelve months. See Pet. ¶ 2, ECF No. 1. This Court has granted release to petitioners held under 8 U.S.C. 1226(c) and 8 U.S.C. § 1225 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. Deborne v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566, at *3 (D.N.M. June 11, 2026); Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *8 (D.N.M. Apr. 9, 2026).The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico

2

and/or from removing her from the United States during the pendency of this habeas action, absent a final order of removal.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE