**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SUKHDEV SINGH,

    Petitioner,

v.

MARY DE ANDA-YBARRA, El Paso Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting U.S. Attorney General; and GEORGE DEDOS, Warden, Cibola County Correctional Center,

    Respondents.

Case No. 1:26-cv-02232-MIS-KRS

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Sukhdev Singh's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 10, 2026. The federal Respondents filed a Response on July 29, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

**I.    Background**

Petitioner is a citizen of India who entered the United States illegally on April 7, 2023, near Lukeville, Arizona. Pet. ¶ 7; Form I-213 at 2, ECF No. 6-1. Shortly after entry, he was apprehended by U.S. Border Patrol Agents, processed, placed in removal proceedings under

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

Section 240 of the Immigration and Nationality Act ("INA"), issued a Notice to Appear, and released under an Order of Release on Recognizance.  Pet. ¶¶ 7-8; Form I-213 at 2-3.  Since then, Petitioner has complied with the conditions of his release and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Pet. ¶ 9. He has no criminal convictions or history of violence or dangerous behavior.  Id. ¶ 6.

Nevertheless, on September 24, 2025, Petitioner was arrested during a routine commercial vehicle inspection at a truck scale in Reno, Nevada.  Id. ¶¶ 10, 12; Resp. at 2.   He has been in immigration detention ever since.  Pet. ¶ 13.  He is currently detained at the Cibola County Correctional Center in Milan, New Mexico.  Id. ¶ 1.

On October 20, 2025, Petitioner received a custody redetermination hearing.  See Order of the Immigration Judge, ECF No. 6-6.  The Immigration Judge denied Petitioner bond because "[t]he Court lacks jurisdiction to set a bond in this case under Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025)."  Id. at 1.  Petitioner did not appeal the Immigration Judge's bond determination.  Resp. at 3.

On November 12, 2025, an Immigration Judge denied Petitioner's application for asylum, withholding of removal, and protection under CAT, and ordered Petitioner removed to India ("Removal Order").  ECF No. 6-7.  Petitioner's appeal of the Removal Order is currently pending before the Board of Immigration Appeals ("BIA").  See ECF No. 6-8.

On July 10, 2026, Petitioner filed the instant Petition, ECF No. 1, to which Respondents filed a Response, ECF No. 6.

II.    **Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to

2

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his detention violates the INA, the Administrative Procedures Act, the Suspension Clause, the Accardi Doctrine, and his Fifth Amendment due process rights. Id. ¶¶ 49-76. He requests immediate release or, in the alternative, a bond hearing at which the Government bears the burden of proof. Id. at 21-22.

Respondents argue that the Court lacks jurisdiction to review the Immigration Judge's bond decision, Petitioner's detention during his removal proceedings is constitutional, and Petitioner has failed to exhaust his administrative remedies. Resp. at 3-5. However, if the Court finds that Petitioner has exhausted his administrative remedies, "Respondents acknowledge that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, [180 F.4th 1226 (10th Cir. 2026)], and that its recent ruling is binding on this Court." Id. at 6. Respondents further concede that "[t]he facts here are not materially distinguishable from those in Santillan Quiroz for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id.

3

The Court finds that Petitioner is entitled to habeas relief for two reasons. First, Petitioner's detention is illegal because he has not received a constitutionally-adequate bond hearing. Santillan Quiroz v. Mullin, 180 F.4th 1226, 1250 (10th Cir. 2026). Although Petitioner received a custody redetermination hearing, the Immigration Judge concluded that he lacked jurisdiction to grant bond under the BIA's decision in Matter of Yajure Hurtado. See Order of the Immigration Judge at 1, ECF No. 6-6. In Hurtado, the BIA held that "Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission." 29 I. & N. Dec. 216, 225 (BIA 2025). It reasoned that all noncitizens who entered the United States without inspection or admission are subject to mandatory detention under 8 U.S.C. § 1225(b). See id. at 224. In Santillan Quiroz, the Tenth Circuit rejected Hurtado, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case: Petitioner entered the United States on April 7, 2023, and was detained more than two years later in Reno, Nevada. Pet. ¶¶ 10, 12; Resp. at 2. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. Id. at 1237, 1250.

Second, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing

4

detention of over ten months, with no reasonably foreseeable end in sight,[2] is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis,  533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW,   2026   WL   2110814,   at   *2   (D.N.M.   July   22,   2026); Mardanpour, 2026 WL 963164, at *3-8;  Rasoli  v.  Mullin,  Case  No.  2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026  WL  1121981, at  *3  (D.N.M. Apr. 24, 2026); Harutyunyan  v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243.  The "typical

---

[2]    As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years."  2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals    Filed,    Completed,    and    Pending    (Nov.    18,    2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026).  In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

remedy" for "unlawful executive detention" is release from custody.  <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008); <u>see also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  Respondents have failed to articulate a legitimate interest in Petitioner's continued detention.  Therefore, the Court finds that immediate conditional release is the appropriate remedy.  <u>See</u> <u>Boumediene v. Bush</u>, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

IV.     **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Sukhdev Singh from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.      Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.      Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and entertain any motion for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

6